## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SHEREE COX,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 25-CV-1844** |
| | : | |
| **PHILLY CAR KINGS,** *et al.*, | : | |
| **Defendants.** | : | |

## MEMORANDUM

**YOUNGE, J.**                                                    **SEPTEMBER 12, 2025**

Plaintiff Sheree Cox filed this *pro se* civil action against Defendants Philly Car Kings and
Mayfair Import Car Sales, Inc., alleging violations of the Magnuson-Moss Warranty Act, 15
U.S.C. § 2310(d)(1)(B), and the Fifth and Fourteenth Amendments to the United States
Constitution.  Cox also moves for leave to proceed *in forma pauperis*.  For the following reasons,
the Court will grant the request to proceed *in forma pauperis* and will dismiss the Complaint
pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## I.    FACTUAL ALLEGATIONS[1]

Cox avers that she "purchased a vehicle and within one week the car almost caused loss
of life" when the transmission failed while driving on a freeway.  (Compl. (ECF No. 2) at 5.)
When she complained, the "Defendant" allegedly promised to send a tow truck and swap the
vehicle, but that promise went unfulfilled.  (*Id.*)  At some point, Cox "managed to get the car to
the dealer" and while there, she was told that there was a recall on the car's wheel.  (*Id.*)  Cox
avers, however, that there was no mention of "the faulty transmission or the swap out."  (*Id.*)
She avers that the car "was later towed to the shop" and a "mechanic used gap insurance to order

---

[1] The facts set forth in this Memorandum are taken from the Complaint (ECF No. 2).  The Court
adopts the pagination assigned to the Complaint by the CM/ECF docketing system.  Spelling,
punctuation, and capitalization errors are cleaned up where necessary.

another transmission" but was unable to fix the car despite two attempts.  (*Id.*)  She alleges that

the car was never repaired, and a bank repossessed the car but refused to pay storage fees.  (*Id.*)

Cox avers that she "never enjoyed the 17,000 dollar car that she paid 35,000.00 for after dealer

added even the fees and down payment of $6,300 that should have been deducted."  (*Id.*)  Cox

does not identify the model, make, or year of the vehicle, nor does she specify the date of

purchase or from which of the Defendants the vehicle was purchased.

Cox contends that the "Defendant committed bait and switch and breach of warranty."

(*Id.* at 4-5.)  She asserts statutory claims under Magnuson-Moss and constitutional claims.  (*Id.* at

3.)  Cox seeks an order directing "the defendant" to provide a replacement vehicle or equivalent

in cash, and she seeks $105,000 in lost wages and damages for pain, suffering, and loss of

quality of life.  (*Id.* at 4-5.)

The instant case marks Cox's third attempt to assert claims against Defendants Philly Car

Kings and Mayfair Import Car Sales, Inc.  *See Cox v. Philly Car Kings*, Civ. A. No. 23-4555 and

*Cox v. Philly Car Kings*, Civ. A. No. 24-4122.  In fact, the Complaint filed in this action is

identical to the Complaint filed in Civil Action 24-4122 (*see* ECF No. 1) and nearly identical to

the Complaint filed in Civil Action No. 23-4555 (*see* ECF No. 1).[2]  The similarity of the

Complaints further raises the question as to when the vehicle at issue was purchased, as it

appears to the Court that the claims in this case may have originated sometime in 2023 or earlier.

Each of the prior actions were dismissed without prejudice for failure to prosecute because Cox

---

[2] The Complaint filed in Civil Action No. 23-4555 is missing the "Statement of Claim" section
and the monetary relief requested in that Complaint is significantly higher than that requested in
the current Complaint.  *Compare* No. 23-4555, ECF No. 1 at 4 with No. 25-1844, ECF. No. 2 at
4-5.  However, the Basis for Jurisdiction section is identical in both Complaints.  See No. 23-
4555, ECF No. 1 at 2 and No. 25-1844, ECF. No. 2 at 3.

failed to comply with the Court's Orders directing her to, *inter alia*, pay the required filing fee or file a motion to proceed *in forma pauperis*.

## II.   STANDARD OF REVIEW

The Court grants Cox leave to proceed *in forma pauperis*.  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss Cox's Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021).  At this early stage of the litigation, the Court will accept the facts alleged in the *pro se* complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether the complaint, liberally construed, contains facts sufficient to state a plausible claim.  *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.

As Cox is proceeding *pro se*, the Court construes her allegations liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).  The Court will "apply the relevant legal principle even when the complaint has failed to name it."  *Id.*  However, "pro se litigants still must allege sufficient facts in their complaints to support a claim."  *Id.* (quoting *Mala*, 704 F. 3d at 245).

Finally, when allowing a plaintiff to proceed *in forma pauperis*, the Court must review the pleadings and dismiss the matter if it determines, *inter alia*, that the action fails to set forth a

proper basis for this Court's subject matter jurisdiction.  Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Group Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*").  A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction.  *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence." (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006))).

## III.    DISCUSSION

### A.    Federal Claims

#### 1.    Magnuson-Moss Warranty Act Claim

The Magnuson-Moss Warranty Act provides that "a consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this chapter, or under a written warranty, [or] implied warranty" may seek damages or equitable relief by filing a civil action in state or federal court.  15 U.S.C .§ 2310(d)(1).  In order to file an action pursuant to the Act in federal court, there must be more than $50,000 in controversy, exclusive of interests and costs.  *See id.* § 2310(d)(3)(B).  Meeting the amount in controversy threshold requires a plaintiff to "allege the cost of the replacement vehicle, minus both the present value of the allegedly defective vehicle and the value that the plaintiff received from the allegedly defective vehicle."  *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 402 (3d Cir. 2004) (citing *Voelker v. Porsche Cars N. Am., Inc.*, 348 F.3d 639, 643 (7th Cir. 2003) *superseded on rehearing by Voelker v. Porsche Cars N. Am., Inc.*, 353 F.3d 516 (7th Cir. 2003)).

Only certain costs may be included in the amount in controversy figure, and punitive damages and those damages sought via pendant state law claims cannot be included in the calculation. *See id.* ("Treble damages may not be assessed in a Magnuson-Moss count."); *Nottingham v. Nat'l Auto. Distrib. Network, Inc.*, No. 19-1618, 2010 WL 11707685, at *1 n.1 (E.D. Pa. Mar. 5, 2010) (punitive damages and damages sought in pendant state law claims may not be used to calculate the jurisdictional threshold amount for a Magnuson-Moss claim in Pennsylvania); *Samuel-Bassett v. KIA Motors America, Inc*., 357 F.3d 392, 402 (3d Cir. 2004) (holding that attorney's fees may not be considered in calculating the Magnuson-Moss jurisdictional amount).

Cox has not pled sufficient facts to satisfy the amount in controversy requirement under the rubric mandated by *Samuel-Bassett* (cost of the replacement vehicle, minus the value of the vehicle purchased and the value she received from it). *See id.*, 357 F.3d at 402; *Hurley v. BMW of N. America, LLC*, No. 18-5320, 2020 WL 1624861, at *4 (W.D. Pa. Apr. 2, 2020) (noting that the United States Court of Appeals for the Third Circuit adopted specific pleading standards for establishing jurisdiction under Magnuson-Moss in *Samuel-Bassett*). The only monetary amounts Cox references are the $35,000 purchase price and $6,300 down payment for a vehicle that she believed to be worth $17,000 at the unidentified time of purchase. (Compl. at 5.) Beyond that, a generous reading of the *pro se* Complaint reveals little information about the amount of damages Cox could have sustained. While Cox maintains that the transmission needed to be replaced, she also avers that the cost of replacement may have been covered by gap insurance. (*Id.*) Regardless, the car was never repaired and ultimately was repossessed by a bank. (*Id.*) Although Cox claims to have sustained $105,000 in damages "due to loss of wages, personal property, [and] quality of life" (*id.* at 4), the amount in controversy calculation under Magnuson-Moss excludes treble, punitive, and emotional distress damages. *See Nottingham*, 2010 WL

11707685, at *1 n.1.  Cox has not, accordingly, met the amount in controversy required to bring a Magnuson-Moss claim.

Even if it did meet the threshold, Cox has not pled sufficient facts for the claim to proceed.  To allege a plausible violation of the Act, a plaintiff must assert "(i) the item at issue was subject to a warranty; (ii) the item did not conform to the warranty; (iii) the seller was given reasonable opportunity to cure any defects; and (iv) the seller failed to cure the defects within a reasonable time or a reasonable number of attempts."  *Temple v. Fleetwood Enter., Inc*., 133 F. App'x 254, 268 (6th Cir. 2005).  Magnuson-Moss claims are derivative of state law warranty claims.  *See Cooper v. Samsung Elecs. Am., Inc*., 374 F. App'x 250, 254 (3d Cir. 2010) (holding that an MMWA claim is viable only if the plaintiff has a valid state law warranty claim).

Cox's only allegation is that the "Defendant committed bait and switch and breach of warranty."  (Compl. at 5.)  Cox has provided no information about the agreement of sale, warranties made by the seller, or whether the seller disclaimed warranties.  If warranties were disclaimed, Cox would not have an implied warranty for the car.  For example, "an 'as is' clause removes any implied warranties for the product because the buyer has notice that he is purchasing the product in the condition he found it."  *Smith v. Kershentsef*, No. 18-3840, 2019 WL 558225, at *4 (E.D. Pa. Feb. 12, 2019) (citing *Morningstar v. Hallett*, 858 A.2d 125, 130 (Pa. Super. Ct. 2004)).  Without any facts alleged concerning the sales agreement, Cox does not allege a plausible breach of warranty claim under Magnuson-Moss.  *Smith*, 2019 WL 558225, at *4 ("as discussed above, the sales agreement and non-warranty notice contained clear and conspicuous language that the vehicle was sold 'as-is' and without any warranty, sufficiently disclaiming any implied warranty on the vehicle").  The Magnuson-Moss claim will accordingly

be dismissed, but Cox will be afforded an opportunity to amend her Complaint to address these identified deficiencies with her claim.

### 2.    Constitutional Claims

Cox asserts constitutional claims pursuant to § 1983, the vehicle by which such claims may be brought against state actors in federal court.  Specifically, Cox avers that the "Defendant committed bait and switch and breach of warranty," and in so doing, violated the Fifth and Fourteenth Amendments.  (Compl. at 3, 5.)  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

In a § 1983 action, the personal involvement of each defendant in the alleged constitutional violation is a required element, and, therefore, a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims.  *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998); *see also Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) ("Personal involvement requires particular 'allegations of personal direction or of actual knowledge and acquiescence.'") (quoting *Rode*, 845 F.2d at 1207).  Throughout her Complaint, Cox repeatedly utilizes the word "Defendant" without specifying as to which Defendant she refers and what that particular Defendant did to violate her rights.  (Compl. at 4-5.)  Where there are multiple events and defendants at issue, alleging personal involvement often cannot be accomplished by repeatedly and collectively referring to the "Defendants" as a group without clarifying the specific basis for each Defendant's liability.  *See Lawal v. McDonald*, 546 F. App' x 107, 113 (3d Cir. 2014) (agreeing with the district court that the repeated and

7

collective use of the word "Defendants" "fail[ed] to name which specific Defendant engaged in the specific conduct alleged'").

Regardless, Cox's constitutional claims fail because none of the Defendants are alleged to be state actors. Whether a private entity is acting under color of state law – *i.e.*, whether the defendant is a state actor subject to liability under § 1983 – depends on whether there is "such a close nexus between the State and the challenged action' that seemingly private behavior may be fairly treated as that of the State itself." *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotations omitted). "To answer that question, [the Third Circuit has] outlined three broad tests generated by Supreme Court jurisprudence to determine whether state action exists: (1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity." *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (internal quotations and alteration omitted).

Cox has not alleged facts to support a plausible conclusion that either of the Defendants meet any of the foregoing tests, and nothing in the Complaint suggests any factual or legal basis for concluding that the Defendants are state actors who could be held liable under § 1983. *See Fleming v. Credit Car Connection*, No. 20-0037, 2020 WL 1646188, at *5 (M.D. Pa. Jan. 10, 2020), *report and recommendation adopted*, 2020 WL 1638045 (M.D. Pa. Apr. 2, 2020) (private car dealer and two individuals employed by the dealership were not state actors for purposes of § 1983); *Passarella v. Cellini*, No. 18-5641, 2019 WL 399013, at *5 (E.D. Pa. Jan. 31, 2019) (owners of car dealership and automobile tag agency were not state actors).

B.      State Law Claims

Due to the dismissal of her federal claims, the Court will not exercise supplemental jurisdiction under 28 U.S.C. § 1367(c) over any state law claims Cox intends to pursue. Accordingly, the only independent basis for jurisdiction over any such claims is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  Complete diversity is required, meaning that "every plaintiff must be of diverse state citizenship from every defendant."  *In re Briscoe*, 448 F.3d 201, 215 (3d Cir. 2006); *see also Lincoln Ben. Life Co*., 800 F.3d at 104 (explaining that, unless there is some other basis for jurisdiction, "no plaintiff may be a citizen of the same state as any defendant" (cleaned up)). An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain.  *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011).  A corporation is a citizen of the state in which it is incorporated and the state in which it has its principal place of business.  *See* 28 U.S.C. § 1332(c).  It is the plaintiff's burden to establish diversity of citizenship.  *See Gibbs v. Buck*, 307 U.S. 66, 72 (1939); *Quaker State Dyeing & Finishing Co., Inc. v. ITT Terryphone Corp.*, 461 F.2d 1140, 1143 (3d Cir. 1972) (stating that, in diversity cases, the plaintiff must demonstrate complete diversity between the parties and that the amount in controversy requirement has been met); *Jackson v. Rosen*, No. 20-2842, 2020 WL 3498131, at *8 (E.D. Pa. June 26, 2020).

While Cox does not specifically allege her citizenship, she provides a Pennsylvania address for herself.  (Compl. at 1.)  In addition to providing Pennsylvania addresses for both Defendants, Cox avers that "Philly Car Kings/Mayfair Import Car Sales" are incorporated under the laws of the State of Pennsylvania and each of them has its principal place of business in the

State of Pennsylvania. (*Id.* at 2-3.) This suggests that she and both Defendants are Pennsylvania citizens. Accordingly, Cox has not sufficiently alleged that the parties are diverse for purposes of establishing the Court' s jurisdiction over any state law claims she intends to pursue.

## IV.    CONCLUSION

For the foregoing reasons, the Court will grant Cox leave to proceed *in forma pauperis*. Cox's federal constitutional claims will be dismissed with prejudice. The Magnuson-Moss Warranty Act claim, and any state law claims will be dismissed without prejudice. Cox will be given leave to file an amended complaint with respect to the claims dismissed without prejudice if she can cure the defects identified above. An Order providing additional instructions on amendment will be entered separately.

**BY THE COURT:**

**/s/ John Milton Younge**

**JOHN M. YOUNGE, J.**